IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR-07-131-GF-DLC-RKS |
|---|---|
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| BRIAN DEAN BELL, | |
| Defendants. | |

## I. Synopsis

Brian Bell was charged with violating his conditions of supervised release by consuming alcohol and violating a state law. He admitted to the violations. Mr. Bell's supervised release should be revoked. He should be sentenced to 10 months imprisonment, with no supervised release to follow.

## II. Status

Mr. Bell pled guilty to assault resulting in serious bodily injury on January 24, 2008. CD 19. He was sentenced on May 8, 2008, by the Hon. Sam E. Haddon,

1

United States Senior District Judge, to 37 months imprisonment, to be followed by three years supervised release. CD 29, 30. Mr. Bell's supervised release was revoked on Nov. 30, 2011, and he was re-sentenced to 10 months additional imprisonment, to be followed by 26 months supervised release. CD 48. Mr. Bell signed the terms of his release for that 26-month period on September 13, 2012. CD 52.

**Petition**

The United States Probation Office filed a petition on March 28, 2013, requesting revocation of Mr. Bell's supervised release. CD 52. The petition alleged that Mr. Bell violated two conditions of supervised release. Specifically, the petition alleged Mr. Bell: 1) drank beer and went to a bar, in violation of Special Condition #4, and 2) was convicted of assault under Montana law, in violation of the Preamble to Standard Conditions (stating that he was not to commit another federal, state or local crime).

Based on the petition, the undersigned issued a warrant for Mr. Bell's arrest on March 28, 2013. CD 53. Mr. Bell was arrested that day. Also that day, the case was reassigned from Judge Haddon to the Hon. Dana Christensen and referred to the undersigned for Findings and Recommendations, pursuant to Standing Order RFC-23.

**Initial appearance**

Mr. Bell made an initial appearance before the undersigned in Great Falls, Montana, on March 29, 2013. He was represented by Federal Defender David Ness. Assistant United States Attorney Laura Weiss represented the United States.

Mr. Bell stated that he had read and understood the petition. Ms. Weiss stated that Mr. Bell faced up to 24 months imprisonment if his supervised release was revoked. Mr. Ness agreed. Mr. Bell waived his right to a preliminary hearing.

The undersigned explained the Findings and Recommendations procedure to Mr. Bell, including Mr. Bell's right to object to the Findings and Recommendations within 14 days, the right to appear before Judge Christensen, and the necessity of properly objecting to preserve his right to appear before Judge Christensen.

Mr. Bell indicated he was ready to immediately proceed to a revocation hearing. The government was also prepared, so the undersigned proceeded to the revocation hearing.

**Revocation hearing**

Mr. Bell admitted to violating his conditions of supervised release as alleged in the petition. The undersigned found the admission to be informed and

3

voluntary.

The undersigned determined that Mr. Bell's violation grade is C, his criminal history category is II, and his underlying offense is a Class C felony. Under those circumstances, Mr. Bell could be sentenced to as much as 14 months incarceration, and an additional term of supervised release for a total sentence of 26 months. The United States Sentencing Guidelines call for 4 to 10 months imprisonment. U.S. Guidelines Manual, Ch. 7. Mr. Ness and Ms. Weiss agreed with those calculations.

Mr. Ness requested a sentence of 6 months imprisonment, with no supervised release to follow. He asked that the court recommend placement at El Reno Federal Correctional Institute in Oklahoma. Mr. Ness noted that Mr. Bell had already been incarcerated for 10 months on the underlying offense. Mr. Ness also noted that Mr. Bell promptly admitted to the violations and accepted responsibility for them.

Ms. Weiss requested a 10-month prison sentence, with no supervised release to follow. Ms. Weiss pointed out that this is Mr. Bell's second supervised release violation, and that the original offense and subsequent violations show a pattern of alcohol abuse leading to violent conduct.

Mr. Bell addressed the court. He said that he had been been using alcohol to

4

self-medicate. He said that he had attempted to enroll in a treatment program to address his alcohol abuse, but had been unable to because he was on supervised release.

### III. Analysis

Mr. Bell's supervised release should be revoked based on his admissions to the alleged violations. Mr. Bell should be sentenced to 10 months imprisonment, with no supervised release to follow.

No circumstances of the violations warrant a departure from the guideline range. An imprisonment sentence at the high end of the guideline range is appropriate because this is Mr. Bell's second violation, and involves assaultive behavior that endangered the community. No supervised release should be imposed. The prison sentence is a sufficient penalty for Mr. Bell's actions, and his repeated failure to comply with supervised release conditions demonstrate that supervised release of Mr. Bell benefits neither Mr. Bell nor the community. Additionally, the United States recommended no supervised release.

Incarceration at El Reno Federal Correctional Institute should be recommended. Apparently, Mr. Bell was previously incarcerated at that facility and prefers to return to it.

### IV. Conclusion

Mr. Bell was informed at the revocation hearing that the undersigned would recommend revocation of Mr. Bell's supervised release and a 10-month prison sentence to Judge Christensen. The undersigned explained that Mr. Bell may object to these Findings and Recommendations by filing an objection within 14 days. The undersigned explained that Mr. Bell has the right to appear and allocute before Judge Christensen, but must properly object to the Findings and Recommendations to preserve that right.

The undersigned **FINDS:**

1. Mr. Bell violated Special Condition #4 of his supervised release.

2. Mr. Bell violated the Preamble to the Standard Conditions of his supervised release.

The undersigned **RECOMMENDS:**

1. The District Court enter the attached Judgment, revoking Mr. Bell's supervised release and committing Mr. Bell to the custody of the United States Bureau of Prisons for 10 months.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo

determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 2nd day of April, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge